UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SEDRICK LATROY McKINNEY,

       Petitioner,

-vs-                                    Case No.    5:09-cv-163-Oc-10TBS

WARDEN, FCC COLEMAN - MEDIUM,

       Respondent.

_____/

TODDRICK WILLIAMS,

       Petitioner,

-vs-                                      Case No     5:11-cv-111-Oc-10TBS

WARDEN, FCC COLEMAN - MEDIUM,

       Respondent.

_____/

## O R D E R

In Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) en banc, the court

held that 28 U.S.C. §§ 2241 and 2255, properly construed under principles governing

the finality of judgments, prevent a federal prisoner from maintaining a second or

successive post conviction petition for a writ of habeas corpus claiming that an

intervening change in the law has rendered his sentence illegal, unless, perhaps, the

sentence as imposed exceeds the statutory maximum term of commitment applicable

to the offense of conviction, or the petitioner can show that he is actually innocent.

The court expressly left undecided the question whether a successive motion for

habeas relief may be entertained where the asserted error in sentencing resulted in a term of commitment above the statutory maximum that would have applied but for the error.  See Gilbert, 640 F.3d at 1306-1307; and 1319, n. 20.

The two cases sub judice involve federal prisoners seeking writs of habeas corpus under 28 U.S.C. § 2241 setting aside their respective sentences on the ground that the terms of commitment they received were above the statutory maximum that would have applied but for a sentencing error now recognized by more recent decisional authority.  These cases squarely present, in other words, the issue not reached and not decided in Gilbert.

Because they do involve the same controlling issue of law, it is appropriate that these cases be considered and decided together.

The Court will begin by reviewing the en banc decision in Gilbert, will then take up the individual circumstances of the cases being decided, and will end by analyzing the impact of Gilbert on these cases.  The Court's conclusion is that Gilbert controls these cases and that the petitions under 28 U.S.C. § 2241 will be dismissed.

### The Decision In Gilbert

Ezell Gilbert was convicted of a drug offense in violation of 21 U.S.C. § 841(a) punishable by a term of commitment of ten years to life under 21 U.S.C. §841(b)(1)(A).  At his sentencing in 1997 he was classified as a career offender under the United States Sentencing Guidelines.  As a career offender his sentencing range under the then mandatory Guidelines was 292 to 365 months whereas his sentencing range absent career offender status was 151 to 188 months.  See Gilbert, 640 F.3d

at 1299-1300. Gilbert was sentenced to an enhanced term of 292 months – the low end of the enhanced Guidelines range but at least 104 months (8 ½ years) more than he would have been eligible to receive but for the career offender classification.

At his sentencing hearing and on his direct appeal Gilbert contended than one of his prior state court convictions for carrying a concealed weapon should not be treated as a predicate crime of violence for purposes of triggering the career offender enhancement under the Guidelines. He lost that argument (United States v. Gilbert, 138 F.3d 1371 (11th Cir. 1998)), but his appeal preserved the issue against any future assertion of a procedural bar.[1]

In 2008, Gilbert's position concerning his prior conviction was vindicated by Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581 (2008) and United States v. Archer, 531 F.3d 1347 (2008). Carrying a concealed weapon should not be treated as a crime of violence under the Guidelines.

In 2009, twelve years after imposition of his sentence, Gilbert filed a motion under 28 U.S.C. § 2241 citing Begay and Archer for his reasserted claim that his sentence was illegal.[2] "The problem for Gilbert was that his Archer based claim

---

[1]    After his direct appeal was unsuccessful in 1998, Gilbert filed a motion under 28 U.S.C. § 2255 in 1999 but did not raise the issue concerning his concealed firearm conviction being treated as a crime of violence. The Court of Appeals noted that circumstance in the en banc opinion (640 F.3d at 1301) but, without further discussion, did not treat that failure as a procedural bar. Hence the conclusion in the text that asserting the issue on direct appeal was sufficient to preserve the claim for purposes of his second or successive petition although it had not been raised in his first petition for habeas relief following his appeal.

[2]    Gilbert's motion was presented as a motion to amend and reopen his earlier motion under § 2255, but it was treated as a motion under § 2241. See Gilbert, 640 F.3d at 1302.

clearly was barred by . . . the second and successive petitions provision [of] 28 U.S.C. § 2255(h)." Gilbert, 640 F.3d at 1302.  The issue, therefore, was whether the savings clause in § 2255(e) permitted resurrection of Gilbert's claim.[3]  The district court held that it did not, but on appeal a panel of the court of appeals held otherwise.  Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010).

The Court of Appeals, sitting en banc, granted rehearing, vacated the panel opinion, and held (640 F.3d at 1324):

> To put our reasoning and the result in the broader terms with which we began this opinion, a federal prisoner's right to have errors in the calculation of his sentence corrected is not without limits.  After a case has passed the stage of a first § 2255 proceeding the right to error correction is narrowly limited by principles of policy that reside in the finality of judgment neighborhood of the law – principles which further critically important interests.  The restrictions that those finality of judgment principles place on error correction have been reinforced and strengthened by AEDPA provisions such as § 2255(e) & (h), and they have been embodied in decisions of the Supreme Court and this Court.  The result in this case is that Gilbert must serve the sentence that was imposed on him fourteen years ago.

### The Cases at Bar

1.    The McKinney Case

Sedrick Latroy McKinney was indicted (with co-offender Alonzo Hall) in the Tampa Division of the Middle District of Florida on October 28, 1992.  McKinney was charged in Counts One and Two with separate violations of 18 U.S.C. § 922(g)

---

[3]     28 U.S.C. § 2255(e) says that an application for habeas relief shall not be entertained if the applicant was previously denied relief "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

committed on September 26, 1992, namely, possession of a firearm by a convicted felon (Count One), and possession of a quantity of ammunition by a convicted felon (Count Two). The penalty for those offenses pursuant to 18 U.S.C. § 924(a)(2) was a term of imprisonment of not more than ten years. However, under 18 U.S.C. §924(e)(1), the Armed Career Criminal Act ("ACCA"), a person convicted of an offense prohibited by § 922(g) who has three previous convictions "for a violent felony or a serious drug offense" becomes subject to a sentence of not less than fifteen years and up to life imprisonment. McKinney had the requisite prior convictions including one for carrying a concealed weapon which was treated as a violent felony. His sentence was therefore enhanced to a term of 262 months (21.8 years). He appealed and the court of appeals held that "[t]he district court did not err in using McKinney's conviction for carrying a concealed weapon to enhance his sentence under the ACCA." United States v. Hall, 77 F.3d 398, 401-402 (11th Cir. 1996). However, the court of appeals did reverse the imposition of separate albeit concurrent sentences for Counts One and Two because "the simultaneous possession of a firearm and ammunition should be punished as one offense." Id. at 402. The case was remanded for resentencing which occurred on August 13, 1996. The district court reimposed the sentence of 262 months as to Count One and, pursuant to the directions given by the court of appeals, the sentence as to Count Two was vacated and set aside. There was no appeal from that judgment; and, in a motion filed in 1997

under 28 U.S.C. § 2255, McKinney did not raise any issue about the use of his conviction for carrying a concealed weapon as an enhancer under ACCA.[4]

On April 16, 2009, almost thirteen years after his second and final sentencing hearing in 1996, McKinney filed his present petition under 28 U.S.C. § 2241 asserting that his sentence was illegal because his concealed weapon conviction was treated as a violent felony and used as an enhancer contrary to the intervening decisions in Begay and Archer, the same claim made in Gilbert.  On April 30, 2010, this Court entered an order dismissing the petition without prejudice because it was his second petition for habeas relief and he had not obtained leave to file from the court of appeals as required by 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3).[5]

McKinney appealed to the court of appeals, and the United States responded with a confession of error.  The Court of Appeals then entered an order on July 29 2011, stating (Case No. 5:09-cv-163, Doc. 26):

> The government has responded with a confession of error, conceding that the § 2241 petition has merit and should have been granted.  The government's concession was not

---

[4]     McKinney's motion under 28 U.S.C. § 2255 was denied by the sentencing district court, and McKinney appealed to the Eleventh Circuit Court of Appeals.  The court of appeals denied a certificate of appealability and terminated the appeal.

[5]     The Court recognizes that the pending second petition was filed under § 2241 whereas McKinney's first petition was filed as required, under § 2255.  However, § 2244(a) applies to any petition for habeas relief attacking the legality of the same detention, and §2244(b)(3) requires that the petitioner obtain permission from the court of appeals before filing any second or successive petition attacking the same detention.  Darby v. Hawk-Sawyer, 405 F.3d 942 (11th Cir. 2005).  See also Miller v. Warden, 449 Fed. Appx. 773 (11th Cir. 2011).  Furthermore, the necessity of obtaining such permission is not a simple matter of procedure, it is jurisdictional.  United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007); Burton v. Stewart, 549 U.S. 147, 152-153, 127 S.Ct 793, 796 (2007).

before the district court.  Accordingly, this Court construes the government's response as a motion to remand for further proceedings in order to give the district court an opportunity to reconsider its denial of the § 2241 petition in light of the government's concession, and grants that motion.

The district court's order dismissing the Petitioner-Appellant's § 2241 petition is VACATED, and the case is REMANDED to the district court for further consideration in light of the government's concession that the petition should be granted.

As an aside, it is apparent that the Government overlooked the fact that this Court had dismissed the petition on procedural grounds – failure to secure permission from the court of appeals before submitting a second or successive petition. Nevertheless, the Government proceeded directly in the court of appeals to a concession of error concerning the merits.  Still, the court of appeals has remanded the case to this Court for consideration of that concession so that any jurisdictional issue concerning the necessity of leave or permission to file a successive petition is rendered moot.[6]

---

[6]     The court of appeals, in its order of remand, also requested that this Court expedite consideration because, if McKinney is entitled to relief, he has already served the maximum sentence and would be released immediately.  Accordingly, after a hearing, this Court ordered McKinney to be released on his own recognizance subject to the standard conditions of bail.  The parties then stipulated that the case be abated pending decision by the court of appeals in two other cases that were believed to present the same issue. Unfortunately, those cases were also subsequently remanded to the district courts without a decision on the merits; and, in the meantime, McKinney was arrested by state law enforcement authorities for an alleged violation of state law committed after his release in this proceeding.  He is presently detained by the state, but remains liable for service of the remainder of his federal sentence if his pending petition is denied.

2.    The Williams Case

Williams and a co-offender were indicted in the Tampa Division of the Middle District of Florida on March 4, 2004.  Williams was charged with three felon-in-possession of firearms offenses (Counts Four through Six) all committed on November 22, 2003, in violation of 18 U.S.C. § 922(g).  He entered into a plea agreement and pleaded guilty to Count Four.  The plea agreement stated – and the parties and the court at that time believed – that the statutory punishment for Williams' offense was a sentence of not more than ten years pursuant to 18 U.S.C. §924(a)(2).[7] However, the presentence investigation by the Probation Officer revealed – and the presentence report disclosed – another prior conviction for the offense of battery in a detention facility which qualified as a violent felony.  That discovery provided the necessary third predicate offense triggering ACCA, § 924(e)(1), and enhancing Williams' sentencing exposure to a minimum of fifteen years imprisonment.  Due to that significant change in circumstances, the sentencing court afforded Williams an opportunity to withdraw his plea, and adjourned the sentencing hearing for approximately two weeks to let him consider his options.  At the resumed hearing Williams elected to stand upon his guilty plea, and the court subsequently imposed an enhanced sentence under ACCA of 188 months (15 ½ years).

_____

[7]    The indictment alleged, as part of the felon in possession charge, that Williams had four prior felony convictions, only two of which would constitute a violent felony or a serious drug offense under ACCA, 18 U.S.C. § 924(e).  Those two convictions were for an attempted lewd and lascivious act upon a child under age 16 (treated as a violent felony), and one for possession of cocaine with intent to deliver (treated as a serious drug offense).  With only two qualifying convictions, an ACCA enhancement would not apply.

Williams appealed, but he did not challenge any of the three relevant convictions as countable predicate crimes under § 924(e)(1).  Indeed, as the court of appeals later noted in its opinion, he admitted those convictions and that they constituted countable predicate offenses under § 924(e)(1).  Rather, his contention on appeal was an <u>Apprendi</u> like claim that any predicate offenses had to be alleged in the indictment in order to trigger § 924(e)(1).  The court of appeals rejected that argument, as well as his other contentions on appeal, and affirmed.  <u>United States v. Williams</u>, 156 Fed. Appx. 260 (11th Cir. 2005).

On June 28, 2006, Williams filed a timely motion for relief pursuant to 28 U.S.C. § 2255.  He alleged four claims, only one of which is potentially relevant to the present case.  In his Issue III in that petition he asserted an ineffective assistance of counsel claim arguing that his lawyer should have objected to the prior conviction for attempted lewd and lascivious behavior as a predicate offense under § 924(e)(1) because, he claimed, the offense was a misdemeanor and not a felony.[8]

The district court denied the motion under 28 U.S.C. § 2255 and no appeal was taken.

Williams' next filing occurred on March 4, 2011, almost seven years after his sentencing.  It consists of a petition brought pursuant to 28 U.S.C. § 2241 – the proceeding presently before the Court – and even in that petition Williams does not

---

[8]   The court infers that Williams raised this issue as an ineffective assistance claim because the underlying substantive issue was procedurally barred as a free standing claim, not previously raised at sentencing or on direct appeal.  Even as presented under the rubric of ineffective assistance, the argument (later admitted to be wrong) was that the offense was a misdemeanor, not that it lacked the necessary element of violence.

raise any issue concerning the use of his lewd and lascivious conduct conviction as a violent felony predicate offense under ACCA.[9]  That issue was asserted for the first time in the history of the litigation when Williams filed a "supplement" to his § 2241 petition on March 28, 2011, citing United States v. Harris, 608 F.3d 1222 (11th Cir. 2010).  In Harris, the Eleventh Circuit held that sexual battery of a child under Florida law is not a violent felony within the meaning of ACCA.

The United States has conceded Williams entitlement to relief and has not asserted a procedural bar.[10]

---

[9]     The sole claim made in the petition was that his conviction for battery in a detention facility should not be treated as a violent felony, citing Johnson v. United States, 559 U.S. ____, 130 S. Ct. 1265 (2010).  Johnson held that a generic battery conviction under Florida law could not be treated as a violent felony where the statute permitted a conviction for mere "intentional touching" and "nothing in the record of Johnson's 2003 battery conviction permitted the District Court to conclude that it rested on anything more than the least of these acts, see Shepard v. United States, 544 U.S. 13, 26, 125 S. Ct. 1254, 161 L.Ed.2d 205 (2005). . . ."  Johnson, 544 U.S. at ___, 130 S. Ct. at 1269.  In Williams' case, the presentence report contained the following description of the battery offense, with no objection concerning its accuracy:

> According to court records, on February 10, 1999, while being held in the Sarasota County Jail, the defendant struck another inmate in the face with his hand while the other inmate was walking by with both hands full The inmate did not provoke the defendant in any way, and this act was observed by a corrections officer.

Where the facts of an offense are stated without objection in a presentence report, they are deemed admitted even if the source relied upon by the Probation Officer would not be a Shepard approved source.  United States v. Wade, 458 F.3d 1273, 1278 (11th Cir. 2006); United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009); United States v. Bennett, 472 F.3d 825, 832-834 (11th Cir. 2006).

[10]     The Government's concession on the merits is not binding on the Court.  Gilbert, supra, 640 F.3d at 1306, n. 14.  This is confirmed by the remand in the McKinney case.  If the Government concession was binding, the court of appeals would have remanded with instructions to grant the petition and issue the writ.  Instead, it remanded the case for "further consideration in light of the government's concession that the petition should be granted."

## Applying Gilbert To McKinney and Williams

The Government distinguishes <u>Gilbert</u> and concedes that both McKinney and Williams are due a writ under § 2241 that would entitle them to be resentenced.  The basis of that position is that the "erroneous" enhancements in the cases of McKinney and Williams increased the <u>statutory</u> punishment they received whereas <u>Gilbert's</u> sentence enhancement only served to increase his punishment under the <u>sentencing guidelines</u> and within the statutory range.[11]  In conceding that the latter is remediable through habeas proceedings while the former is not, the Government is less than clear in explaining the doctrinal basis for that result – how fundamental rights are violated in one case but not the other – and the Government acknowledged during oral argument that no United States Court of Appeals has yet decided the issue as the Government would have it.

In fact, as pointed out in <u>Gilbert</u>, 640 F.3d at 1313-1315, the one court of appeals decision involving a § 924(e)(1) or ACCA enhancement based upon a predicate offense later determined not to be a crime of violence (as distinguished from

_____

On the other hand, it appears to be the law of the circuit that a procedural default in habeas proceedings is an affirmative defense that the Government may waive.  See <u>Howard v. United States</u>, 374 F.3d 1068, 1073 (11th Cir. 2004).  The Court will therefore look past the consequences of Williams' procedural defaults and consider his petition on the merits.

[11]     Of course the cases of McKinney and Williams differ from <u>Gilbert</u> in that way, and the <u>en banc</u> opinion in <u>Gilbert</u> was careful to carve out the issue now before this Court leaving it undecided for the simple and very good reason that <u>Gilbert</u> did not present it.  This should not be read to suggest, however, any inclination by the court of appeals to reach a different result if it <u>had</u> been presented.  Indeed, the court of appeals expressly declared that "we do not imply any view about how that issue should be decided when and if it is presented in some other case."  640 F.3d at 1306.  Moreover the <u>Gilbert</u> court even took that admonition a step further by pointing out that "[i]f that issue were before us, we would not be bound to accept the government's concession."  <u>Id.</u>, n.14.

a career offender enhancement under the Sentencing Guidelines) is the Seventh Circuit decision in In re Davenport, 147 F.3d 605 (7th Cir. 1998). In that case the Seventh Circuit holding, cited with approval in Gilbert (640 F.3d at 1313-1315), is contrary to the Government's position here.

Davenport was a consolidated appeal involving the cases of two separate offenders – James Davenport and Sherman Nichols. James Davenport, like McKinney and Williams, had been convicted of a felon in possession of firearms offense under 18 U.S.C. § 922(g)(1). He received an enhanced sentence under ACCA (18 U.S.C. § 924(e)). One of the predicate offenses used to impose the ACCA enhancement was a prior burglary conviction. In his petition, treated by the court as one being filed under 28 U.S.C. § 2241, Davenport claimed that the burglary conviction was not within the scope of ACCA and should not have been used as an enhancer. The Davenport opinion does not state the basis of Davenport's challenge of his burglary conviction as an ACCA enhancer, i.e., whether his argument was based upon an intervening change in the law concerning the nature of the conviction, or was based upon an alleged flaw that was available at the time of his direct appeal or first motion under § 2255. However, the Seventh Circuit did not apply a procedural bar; instead, the court held that habeas relief is not available to challenge sentences as distinguished from convictions, and that a claim of "actual innocence," permitting a petition to come within the savings clause of 28 U.S.C. § 2255(e), must relate to innocence of the crime, not innocence of the sentence. The en banc opinion in Gilbert interpreted Davenport the same way. 640 F.3d at 1314-1315. Accord,

12

Bousley v. United States, 523 U. S. 614, 118 S. Ct. 1604 (1998).  See also, McKay v. United States, 657 F.3d 1190 (11th Cir. 2011).

Thus, Davenport was denied relief whereas the other offender, Sherman Nichols, was permitted to proceed because he was claiming actual innocence of the offense of conviction – a non-existent crime under Bailey v. United States, 516 U.S. 137, 116 S. Ct. 501 (1995) (holding that mere possession does not equate to "use" of a firearm under 18 U.S.C. § 924(c)) – contrary to the law of the Seventh Circuit when Nichols had been convicted.

After careful study, I conclude that the rationale and holding of the en banc court in Gilbert governs the issue in these cases even though the question presented was expressly noted and not decided in Gilbert.  See, especially, 640 F.3d 1319, n. 20.  More specifically, I do not see any difference in principle between the case of an offender who receives an enhanced sentence that is both automatic and mandatory under ACCA (United States v. Gibson, 64 F.3d 617, 625-626 (11th Cir. 1995); United States v. Cobia, 41 F.3d 1473, 1475 (11th Cir. 1995)) and the case of an offender who receives an enhanced sentenced for the same reason under the Guidelines, especially when the Guidelines were mandatory at the time.  The fact that the ACCA sentence entails a finding that increases the statutory penalty is not materially different from the same finding being made to enhance a mandatory Guidelines sentence; both produce the same thing – an enhanced sentence for the same reason in a criminal case.  Moreover, insofar as policy interests are concerned relative to the finality of sentencing judgments, the two cases are utterly indistinguishable.

To the extent that the Government concession rests upon the argument that an ACCA enhanced sentence serves to increase the statutory minimum and maximum terms of commitment for the offense of conviction – something only the Congress and not the Court may do – the proposition tends to beg the issue and is, arguably, disingenuous.  The court in imposing an ACCA sentence does not create a new sentencing range or increase the prescribed minimum or maximum punishment in any way.  Congress has already done that.  The statute sets out the sentencing range for ACCA offenders as one of fifteen years to life.  The role of the court is limited to that of a fact finder concerning the existence and character of prior convictions – a process approved by Almendarez-Torres and not affected by Apprendi, Blakely or Booker[12] – and once that determination has been made, sentence is imposed within the sentencing parameters fixed by Congress, not the court.  There is no meaningful difference whatever between that process and the same procedure followed by the court in determining an offender's career criminal status in other cases under Chapter Four of the Sentencing Guidelines, and then imposing a sentence within the applicable Guidelines range as established by the Sentencing Commission and by Congress.[13]

---

[12]      Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998); Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000); Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

[13]      Although the en banc opinion in Gilbert found in a different context that the Sentencing Guidelines are not statutes, citing Mungiovi v. Chicago Hous. Auth., 98 F.3d 982, 984 (7th Cir. 1996), and Scott v. United States, 997 F.2d 340, 341 (7th Cir. 1993), see Gilbert, 640 F.3d at 1307, they are the next best thing and have the force of law under Chapter 58 of Title 28, United States Code.  Pursuant to 28 U.S.C. § 994(p) the Sentencing Commission promulgates sentencing guidelines and amendments that must be submitted

If there is a difference of legal significance between the cases of Ezell Gilbert on the one hand, and those of Sedrick McKinney and Toddrick Williams on the other, I do not envy the lawyer who will have to explain that difference to Gilbert who watches from inside the compound at Coleman while McKinney and Williams go free.

Thus, having concluded that <u>Gilbert</u> controls these cases, it follows that the petitions of both McKinney and Williams will be denied with prejudice.[14]  The savings clause of 28 U.S.C. § 2255(e) does not preserve the claims now being made by either of those petitioners who do not assert actual innocence of the underlying offense (as distinguished from a claim of actual innocence of the sentence).[15]  The principles surrounding the judicial policy of establishing and enforcing the finality of judgments dictates the conclusion, per <u>Gilbert</u>, that once an offender has had the process of a direct appeal followed by one opportunity for collateral review under § 2255, it cannot be said that those avenues of relief are ineffective to "test the legality of his detention." They may not be sufficient in terms of error correction to harmonize every criminal sentence with every evolving change in the laws affecting sentencing, but they are

---

to Congress not later than May 1 of each year and become effective on November 1 unless Congress acts in the meantime to revise the effective date or otherwise modify or disapprove them.

[14]    Subsumed in this conclusion is a determination that the Court cannot accept the concession of the United States.  If my conclusion about <u>Gilbert</u> is correct, the Government concession is contrary to the law of the Circuit; and, in those circumstances this Court chooses to follow and apply what it believes to be the binding law of the circuit.  Stated another way, where a Government concession is, in effect, a suggestion that the law of the circuit is wrong, it is for the court of appeals to decide, not the district court.

[15]    See <u>Gilbert</u>, 640 F.3d at 1319-1320.  <u>C.f.</u> <u>United States v. McKay</u>, 657 F.3d 1190 (11th Cir. 2012).

legally sufficient to provide the <u>process</u> guaranteed by the Constitution and by the statute "to test the legality of his detention."[16]  The field of operation left to the savings clause of § 2255(e) will be those cases in which newly discovered facts or the evolving law demonstrates that the petitioning offender is actually innocent of the underlying offense as in those cases instituted in the wake of <u>Bailey v. United States</u> 516 U.S. 137, 116 S. Ct. 501 (1995).  <u>Bailey</u> held that passive possession of a firearm did not constitute unlawful "use" of a firearm under 18 U.S.C. § 924(c), so that those previously convicted under § 924(c) were not "innocent of the sentence," they were convicted of a non-existing offense and were innocent in fact.  <u>See</u> <u>Gilbert</u>, 640 F.3d at 1318-1319.

### Conclusion

The motions or petitions for relief filed by Sedrick McKinney (Case No. 09-cv-163) and by Toddrick Williams (Case No. 11-cv-111) seeking to set aside their sentences under 28 U.S.C. § 2241 are both DENIED with prejudice.  The Clerk is directed to enter judgment to that effect in both cases, to terminate any pending motions, and to close the files.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida, this <u>4th</u> day of May, 2012.

_____

**UNITED STATES DISTRICT JUDGE**

---

[16]   <u>See</u> <u>Taylor v. Gilkey</u>, 314 F.3d 832 (7th Cir. 2002) quoted with approval in <u>Gilbert</u>, 640 F.3d at 1315.

Copies to:   Counsel of Record
                 Maurya McSheehy, Courtroom Deputy